IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN G. JOHNSON<br>4010 Shaker Run Circle<br>Fairfield, CA  94533<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES AIR FORCE<br>1670 Air Force Pentagon<br>Washington, DC  20330-1670<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case Number: 14-1846<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1. Plaintiff Allan G. Johnson ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Air Force ("USAF") in failing to provide Plaintiff with all non-exempt records responsive to his April 17, 2013 FOIA request sent to the USAF, seeking agency records involving USAF budget records pertaining to OP-78 Force Structure Data and PB-20 Aircraft for fiscal year 2014.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Allan G. Johnson, is an individual who, at all times relevant herein, has resided in Fairfield, California, which is located in Solano County, California.

5. Defendant United States Air Force is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

VI. **FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM**

13. On or about April 17, 2013, Plaintiff sent a FOIA request to the United States Air Force, seeking agency records involving USAF budget records pertaining to OP-78

Force Structure Data and PB-20 Aircraft Inventory for fiscal year 2014.

14. On or about May 14, 2013, FOIA Action Officer Darryl L. Webb, from SAF/AAII, in Washington D.C., sent a letter to Plaintiff, acknowledging the agency's May 2, 2013 receipt of Plaintiff's April 17, 2013 FOIA request, and indicating that this FOIA request had been assigned as USAF FOIA case number 2013-03819-F.

15. On or about June 12, 2013, Plaintiff sent an email to FOIA Action Officer Darryl L. Webb, from SAF/AAII in Washington DC, requesting information as to the status of FOIA request 2013-03819-F.

16. On or about June 17, 2013, FOIA Action Officer Darryl L. Webb, from SAF/AAII, in Washington DC, sent an email to Plaintiff, indicating that the Air Force was denying in full Plaintiff's April 17, 2013 FOIA request pursuant to 5 U.S.C. § 552 (b)(5).

17. On or about July 12, 2013, Plaintiff filed, via US. Mail, an administrative appeal challenging the United State Air Force's denial of Plaintiff's April 17, 2013 FOIA request to the Honorable Eric Fanning, Secretary of the Air Force, through the agency's SAF/AAII office.

18. On or about July 18, 2013, FOIA Action Officer Darryl L. Webb, from Defendant's SAF/AAII office in Washington DC, sent a email with an attached letter, acknowledging receipt of Plaintiff's appeal of case number 2013-03819-F, and indicating that the agency had assigned this FOIA appeal as case number 2013-00171-A. This letter

further indicated that Plaintiff could expect to receive a response to this FOIA appeal by August 27, 2013. In addition, Mr. Webb indicated in this letter that only those records requested in Plaintiff's initial FOIA request would be considered for this appeal.

19. On or about July19, 2013, Plaintiff sent a follow-up letter to the Honorable Eric Fanning, Secretary of the Air Force, in response to Me. Webb's letter dated July 19, 2013, described in the paragraph above, clarifying that Plaintiff was requesting FOIA appeal review only as to the records that were previously identified within Plaintiff's initial FOIA request dated April 17, 2013.

20. On or about March 6, 2014, FOIA Action Officer Darryl L. Webb, from SAF/AAII in Washington DC, sent an email to Plaintiff, with an attached letter incorrectly dated March 2, 2010, stating that the Air Force Financial Management Office had completed a second review of Plaintiff's April 17, 2013 FOIA request (FOIA c2013-03819-F), and had referred Plaintiff's FOIA appeal ( 2013-00171-A) to the appellate authority at AFLOA/JACL, Joint Base Andrews, Maryland, for a final determination.

21. On or about September 30, 2014, Stacey E. Enger, Paralegal Specialist for the Department of the Air Force Information Litigation Branch, Air Force Legal Operations Agency at Joint Base Andrews, Maryland, sent a letter to Plaintiff, indicating that office had received Plaintiff's July 12, 2013 FOIA appeal (2013-001710A) on September 30, 2014.

22. As of the date of the filing of this action, Plaintiff has not received a final determination from Defendant United States Air Force to Plaintiff's FOIA Appeal (2013-001710A).

23. Plaintiff has fully exhausted his administrative remedies, as required by FOIA, prior to seeking judicial review in this matter.

## VII. CLAIM FOR RELIEF

### Violation of FOIA

24. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 23 previously set forth herein.

25. Defendant United States Air Force has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his April 17, 2013 FOIA request.

26. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 25 herein, Defendant United States Air Force has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

27. Unless enjoined by this Court, Defendant United States Air Force will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 25 above.

28. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his FOIA request described above.

29. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

30. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare that Defendant USAF has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his April 17, 2013 FOIA request.

2. Direct by injunction that Defendant USAF provide Plaintiff with all non-exempt responsive records to Plaintiff's April 17, 2013 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

DATED: This 4th day of November, 2014

Respectfully submitted,

　/S/　
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**